**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States Commodity Futures Trading Commission, | ) ) ) | No. CV10-534-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Helmut H. Weber, | ) ) | |
| Defendant. | ) ) | |

Plaintiff has filed a motion for this Court to allow it to serve process on Defendant through publication. Dkt. #11. Under Federal Rule of Civil Procedure 4(e)(1), a Plaintiff can serve process on an individual within the United States by "following state law for serving a summons in an action brought . . . in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). In this case, Plaintiff wishes to serve process on Defendant pursuant to Arizona Rule of Civil Procedure 4.1(n), which allows service by publication:

> Where the person to be served is one whose residence is unknown to the party seeking service but whose last known residence address was within the state, or has avoided service of process, and service by publication is the best means practicable under the circumstances for providing notice of the institution of the action, then service may be made by publication in accordance with the requirements of this subpart. Such service shall be made by publication of the summons, and of a statement as to the manner in which a copy of the pleading being served may be obtained, at least once a week for four successive weeks (1) in a newspaper published in the county where the action is pending, and (2) in a newspaper published in the county of the last known residence of the person to be served if different from the county where the action is pending.

1  Ariz. R. Civ. P. 4.1(n). Plaintiff asks the Court's permission to serve process by publishing notice once a week for four consecutive weeks in The Arizona Republic. Dkt. #11 at 2. "[S]ervice by publication is . . . sufficient when a plaintiff has exercised due dilligence to personally serve a resident defendant at a last known address within the state and has complied with the publication procedures of Rule 4.1(n)." *Master Financial, Inc. v. Woodburn*, 90 P.3d 1236, 1239-40 (Ariz. App. 2004). Plaintiff has attempted to serve Defendant at each of the last two known addresses of Defendant, and has failed. Dkt. #11-1 at 1. The last known addresses were in Maricopa County, Arizona, which is where The Arizona Republic is published. The Court will grant Plaintiff's motion for an order for publication of process. Dkt. #11.

After making service, Plaintiff must "file an affidavit showing the manner and dates of the publication and mailing, and the circumstances warranting the utilization of the procedure . . . which shall be prima facie evidence of compliance." Ariz. R. Civ. P. 4.1(n). Arizona courts have held, in interpreting similar language for service of process for an out-of-state defendant, that "[t]he affidavit must 'set forth facts indicating the serving party made a due diligent effort to locate an opposing party to effect personal service.'" *Barlage v. Valentine*, 110 P.3d 371, 374 (Ariz. App. 2005); *see* Ariz. R. Civ. P. 4.2(f).

**IT IS ORDERED** that Plaintiff's motion for an order for publication (Dkt. #11) is **granted**.

DATED this 16th day of April, 2010.

_____
David G. Campbell
United States District Judge