**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Commodity Futures Trading Commission, | No. CV10-0534-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Helmut H. Weber, | |
| Defendant. | |

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") filed a motion for entry of a final judgment by default against Defendant Helmut H. Weber d/b/a Weber Capital Management pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Doc. 17. No response was filed. The Court granted the motion on December 9, 2010 with respect to injunctive relief, but reserved judgment on restitution and civil penalties subject to a supplemental filing by Plaintiff. Doc. 20. Plaintiff filed a supplemental memorandum on December 29, 2010. Doc. 21. The Court will grant Plaintiff's request for $287,000 in restitution and $861,000 in civil monetary penalties against Defendant.

**I.     Restitution.**

In a default judgment action, "the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (emphasis added). Plaintiff must "'prove up' the amount of damages it is claiming." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *13 (N.D. Cal. May 29, 2007); *see PepsiCo, Inc. v. Cal. Sec. Cans*,

1  238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) ("[T]he plaintiff is required to provide proof
2  of all damages sought in the complaint."); *see also* Fed. Rs. Civ. P. 8(d), 55(b).

3  The purpose of restitution is "to restore the defrauded party to the position he would
4  have had absent the fraud." *Nelson v. Serwold*, 687 F.2d. 278, 281 (9th Cir. 1982). Plaintiff
5  requests that Defendant make restitution in the amount of $287,000, the amount of money
6  Defendant fraudulently accepted from customers and never repaid. Doc. 17 at 15-16.

7  Plaintiff originally submitted an affidavit from CFTC investigator Michael Amakor
8  to establish the amount of restitution. Doc. 17-3. The Court determined in its previous order
9  that the affidavit contradicted Plaintiff's complaint in part. Doc. 20 at 5. The Court found
10 that some restitution was owing and required Plaintiff to provide an unambiguous statement
11 of the restitution amount. Doc. 20 at 6.

12 To comply with the Court's request, Plaintiff submitted another affidavit from Mr.
13 Amakor. Doc. 21-1. The affidavit states that "Defendant accepted $287,000 in customer
14 funds from June 18, 2008 through January 31, 2009" and, during the same period, "made no
15 payments to customers." Doc. 21-1 at 2. The Court finds this new affidavit sufficient to
16 grant Plaintiff's request for $287,000 in restitution.

17 **II.     Civil Monetary Penalty.**

18 Plaintiff requests that the Court order Defendant to pay a civil monetary penalty of
19 three times the gain from his fraudulent conduct – $861,000. Doc. 17 at 15-16. The Court
20 may "impose, on a proper showing, on any person found in the action to have committed any
21 violation a civil penalty in the amount of not more than the higher of $100,000 or triple the
22 monetary gain to the person for each violation." 7 U.S.C. § 13a-1(d)(1) (2006). In its
23 previous order, the Court found that a civil penalty is justified in this case. Doc. 20 at 6.
24 When the Court required Plaintiff to file a supplemental memorandum regarding the
25 restitution amount, the Court also required Plaintiff to address the monetary gain to
26 Defendant. Doc. 20 at 6.

27 As concluded above and supported by Plaintiff's affidavit (Doc. 21-1), Defendant
28 received $287,000 in customer funds and made no payments to customers. Defendant

1 therefore gained $287,000, and three times that gain totals $861,000.

2 To determine a proper penalty, courts have considered "the general seriousness of the violation." *Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Co.,* 531 F.3d 1339, 1346 (11th Cir. 2008). "Defrauding customers is a violation of the core provisions of the [Commodity Exchange Act] and should be considered very serious." *Id.* Here, Defendant fraudulently solicited money from investors and misappropriated funds. Doc. 1 at 10. Even while under a criminal indictment for fraud and a "cease and desist" order prohibiting him from engaging in the fraudulent activity, Defendant continued his fraudulent behavior. Imposing a substantial penalty is therefore justified and the Court orders Defendant to pay a civil monetary penalty of $861,000, three times his monetary gain.

**IT IS ORDERED:**

1. The portion of Plaintiff's motion for default judgment that was taken under advisement (*see* Doc. 20) is **granted** as outlined above.

2. Defendant shall make restitution payments to the Monitor, National Futures Association, in the name of "Helmut Weber d/b/a Weber Capital Management–Restitution Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to Office of Administration, National Futures Association, 200 W. Madison Street #1600, Chicago, Illinois 60606-3447 under cover letter than identifies Weber and the name and docket number of this matter.

DATED this 22nd day of February, 2011.

_____
David G. Campbell
United States District Judge